IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


**LaRON MARSHALL,**

                    Petitioner,

         v.                             CASE NO. 13-3098-SAC

**PAUL LAIRD,**
**Regional Director,**
                    Respondent.


## MEMORANDUM AND ORDER

This petition for writ of mandamus was filed pursuant to 28 U.S.C. § 1651 by an inmate of the United States Penitentiary, Administrative Maximum Prison, Florence, Colorado ("ADX"). The sole defendant, Paul Laird, is described as the Regional Director for the North Central Region of the Bureau of Prisons (BOP) in Kansas City, Kansas. The court is asked to order defendant Laird to compel correctional officers and/or the Disciplinary Hearing Administrator at the ADX "to conduct a disciplinary hearing forthwith" or within a reasonable time to prevent "oppressive procedures prior to the hearing" and "psychological devastation from being confined in the SHU." Plaintiff alleges that the ADX officials he seeks to have compelled to act are employees of defendant Laird.

**FILING FEE**

The fee for filing a civil action[1] is $400.00, which includes the statutory fee of $350.00 under 28 U.S.C. § 1914(a) and an administrative fee of $50.00 under § 1914(b); or $350.00 for one granted leave to proceed without prepayment of fees. Plaintiff has submitted a pleading that was docketed as his Motion to Proceed in forma pauperis (Doc. 2). However, this motion does not comport with federal law or local court rule. Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit that includes a statement of all his assets in addition to the inmate's averment that he is unable to pay the fee. He must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Plaintiff's allegation that his counselor did not have the time to print his account information within three days of his request is not sufficient to excuse him from satisfying the statutory prerequisites. Local court rule requires that this motion be submitted upon court-approved forms. Plaintiff is given time to file a properly-supported motion upon

---

[1] The Tenth Circuit has held "that petitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915" where habeas matters are not the underlying concern. *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); cf. *York v. Terrell*, 344 Fed.Appx. 460, 462 (10th Cir. 2009)(unpublished); see *In re Grant*, 635 F.3d 1227, 1230-32 (D.C.Cir. 2011)(prisoners must pay the entire fee in mandamus actions under the Prisoner Litigation Reform Act).

court-approved forms. If he fails to comply within the prescribed time this action may be dismissed without further notice. In addition, once the court is provided the requisite financial information, it is required to determine whether or not Mr. Marshall is to be assessed an initial partial filing fee.

Mr. Marshall is reminded that even if he is granted leave to proceed in forma pauperis in this action, he will remain obligated to pay the full amount of the $350.00 statutory fee, but may do so in installments.[2] 28 U.S.C. § 1915(b)(1) and (2).

**FACTUAL BACKGROUND AND CLAIMS**

As the factual basis for this civil action, plaintiff alleges the following. On April 24, 2013, he was transferred to the Special Housing Unit (SHU) at the ADX "for Code 224." Lieutenant Sourbroyh[3] "suspended" the incident reports for incorrect dates or times pending a rewrite. On April 28, the rewritten report of Officer Pearsall was delivered to plaintiff. On May 10, the rewritten report of Officer Basta was delivered. Plaintiff asserts that his due process rights were violated because Basta's rewritten report was not

---

[2] The $50.00 general administrative fee does not apply to prisoners proceeding in forma pauperis. Accordingly, if petitioner seeks and is granted leave to proceed in forma pauperis in this action, he will be obligated to pay the full $350.00 district court filing fee. Being granted leave will allow him to do so over time by payment of an initial partial filing fee assessed by the court, if any, and thereafter by automatic payments deducted from his inmate trust fund account as authorized under § 1915(b)(2).

[3] Plaintiff's printing is difficult to read, and thus some of the names may not be spelled as intended.

delivered within "three work days" of the directive to rewrite, which he claims is the maximum time under "28 C.F.R. § 541." The court is asked to compel defendant Laird to "order his employees" to conduct an immediate disciplinary hearing or immediately release plaintiff from the SHU as well as give plaintiff "days credit" prior to his being heard on the pending incident reports.[4] The instant petition was executed on May 21, 2013.

**SCREENING**

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A (a) and (b). Having examined all materials filed, the court finds that this action is subject to being dismissed as frivolous and for failure to state a claim. *Gabriel v. U.S. Parole Com'n*, 319 Fed.Appx. 742 (10th Cir. 2009)(unpublished) *Id.*[5] (affirming dismissal of mandamus petition as frivolous under § 1915(e)(2)(B)); *Fay v. U.S.*, 389 Fed.Appx. 802, 803-04 (10th Cir. 2010)(unpublished)(Action before district court and this appeal found to be frivolous and to count as strikes where appellant failed

---

[4] Plaintiff appears to complain about loss of "credit for days," but does not describe what type of or how much credit is being lost. As will be discussed later, claims regarding sentence credit are habeas in nature.

[5] Unpublished opinions are cited herein for persuasive value only and not as binding precedent. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

4

to demonstrate that he was entitled to the "extraordinary remedy" of a writ of mandamus.).

**RELEVANT LEGAL STANDARDS**

The mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district court shall have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)(per curiam); *West v. Spellings,* 480 F.Supp.2d 213, 217 (D.D.C. 2007). To obtain mandamus relief, the plaintiff must show that he has a clear right to the relief sought, the defendant has a plainly defined and peremptory duty to perform the act in question, and no other adequate remedy is available. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984)("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361 . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005); *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988); *West*, 480 F.Supp.2d at 217. "A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is 'clear and indisputable.'" *Id.* (citing *In re Cheney,* 406 F.3d 723, 729 (D.C. Cir. 2005)). Courts

5

have no authority under the mandamus statute to order a government official to perform a discretionary duty. *West,* 480 F.Supp.2d at 217. When a decision is committed to the discretion of an agency official, as are the administrative decisions regarding housing assignment and security classification, a litigant generally will not have a clear and indisputable right to any particular result. *See Daiflon*, 449 U.S. at 36; *Armstrong v. Cornish*, 102 Fed.Appx. 118, 120 (10th Cir.)(unpublished), *cert. denied*, 543 U.S. 960 (2004).

Plaintiff mainly bases his claims for relief on an alleged violation of BOP regulations. An agency's failure to follow its own regulations does not rise to the level of a constitutional violation unless the regulations themselves are compelled by the Constitution. See *Gibson v. Federal Bureau of Prisons*, 121 Fed.Appx. 549, 551 (5th Cir. 2004)(unpublished)(finding that violation of BOP regulation in itself is not a constitutional violation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)("[T]here is no federal constitutional liberty interest in having . . . prison officials follow prison regulations."); *United States v. Knottnerus*, 139 F.3d 558, 561 n. 5 (7th Cir.), *cert. denied*, 525 U.S. 860 (1998). Thus, the fact that a disciplinary hearing is not held within the time specified in BOP regulations does not, without more, amount to a due process violation. *See Blum v. Federal Bureau of Prisons*, 189 F.3d 477, *2 (10th Cir. 1999)(Table). Moreover, absent a showing of prejudice, a technical violation of BOP regulations governing disciplinary

6

proceedings does not necessarily entitle an inmate to judicial relief. See *Von Kahl v. Brennan*, 855 F.Supp. 1413, 1421 (M.D.Pa. 1994)(In a federal inmate disciplinary proceeding "where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief.); *Moles v. Holt*, 221 Fed.Appx. 92, 95-96 (3rd Cir. 2007)(unpublished).

Plaintiff also asserts a violation of due process. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Constitutionally adequate due process at a prison disciplinary hearing requires that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). Due process also requires that there be some evidence to support the disciplinary hearing findings. *Superintendent, Mass. Correctional Inst, Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). An inmate is entitled to procedural due process protections during disciplinary proceedings only when a

7

liberty interest is at stake. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A denial of privileges does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and consequently no liberty interest is at stake where the inmate may be sanctioned with a loss of privileges only. *Id*. at 484; *see Blum*, 189 F.3d 477, at *3 (concluding ninety-day confinement without store privileges, radio, and phone calls as enjoyed by other inmates in segregation did not differ in significant degree and duration to create a protected liberty interest). On the other hand, a liberty interest may be at stake when an inmate can be sanctioned with a loss of earned good time.

## **FAILURE TO STATE A CLAIM FOR MANDAMUS RELIEF**

Plaintiff fails to allege facts establishing any of the requisite elements for mandamus relief. He has not satisfied his heavy burden of showing that he has a clear right to the relief sought. He seeks an immediate hearing and removal from the SHU, but does not allege sufficient facts to show his entitlement to either. He does not describe the circumstances or the nature of his charged offense(s),[6] which can determine the course of disciplinary proceedings. Nor does he provide copies or summaries of any notices

---

[6] 28 C.F.R. § 541.3 lists 224 as a "high severity" prohibited act: "Assaulting any person (a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate)." The "available sanctions" for high severity level offenses include but are not limited to forfeiture or withholding of good time and disciplinary segregation.

8

or scheduling issued thus far in his pending disciplinary proceedings at the ADX.

Plaintiff also fails to show that defendant Laird has a "plainly defined and peremptory duty" to perform the act(s) which the court is asked to compel. He does not allege facts showing that defendant Laird is duty bound to either conduct a disciplinary hearing at the ADX himself or to order the members of the Unit Disciplinary Committee (UDC) or the Disciplinary Hearing officer (DHO) at the ADX to conduct an immediate hearing on Mr. Marshall's disciplinary charges. The same is true with respect to compelling defendant Laird to order ADX employees to remove plaintiff from the SHU.

Rather than setting forth facts establishing plaintiff's clear right to relief and a peremptory duty on the part of defendant, Mr. Marshall bases his claim for mandamus relief on "28 C.F.R. § 541," which he argues limits the time for a hearing to three work days. However, section 541 contains numerous subsections governing many aspects of "Inmate Discipline and Special Housing Units," and plaintiff does not even cite one in particular. A review of the BOP regulations governing the prison disciplinary process reveals that a hearing is not necessarily the immediate or ultimate outcome when an inmate receives an incident report (IR). Section 541.5(a) provides that the "discipline process starts when staff witness or reasonably believe" that an inmate has committed a prohibited act and a staff member issues an incident report "describing the incident

9

and the prohibited act(s)." Section 541.5(b) provides that the IR is initially investigated by a "Bureau staff member" who informs the inmate of the charges and his right to remain silent. It further provides that the staff investigation may be suspended if the incident is being investigated for possible criminal prosecution. Other alternatives include that the investigator may ask for the inmate's statement or the IR may be informally resolved. Section 541.7 provides that once the staff investigation is complete a Unit Discipline Committee will review the IR. An inmate may appear before the UDC during its review, with certain exceptions, and may make a statement and present documentary evidence. 28 C.F.R. § 541.7(d)(1). Section 541.7 also provides that after reviewing the IR, the UDC will make one of four decisions:

> (1) You committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report;
>
> (2) You did not commit the prohibited act(s) charged; or
>
> (3) The incident report will be referred to the Discipline Hearing Officer for further review, based on the seriousness of the prohibited act(s) charged.
>
> (4) If you are charged with a Greatest or High severity prohibited act, or are an inmate covered by § 541.4, the UDC will automatically refer the incident report to the DHO for further review.

*Id.* The inmate receives a written copy of the UDC's decision following its review. *Id.,* subsection (h). The UDC can impose a variety of sanctions, but not loss of good conduct sentence credit,

10

disciplinary segregation, or money fines. *Id.*, subsection (f). If the UDC refers the IR to the DHO, it advises the inmate of his rights at the upcoming DHO hearing. *Id., subsection* (g). The DHO will only conduct a hearing on the IR if the IR is referred by the UDC. 28 C.F.R. § 541.8.

Subsection(c)(Timing) of § 541.7 provides that:

> The UDC will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays. UDC review of the incident report may also be suspended if it is being investigated for possible criminal prosecution.

*Id.* This timing regulation provides that the UDC review "ordinarily" shall be conducted during this time, not that a hearing during this period is mandatory. *Barner v. Williamson*, 233 Fed.Appx. 197, 199 (3rd Cir.)(unpublished), *cert. denied*, 552 U.S. 966 (2007); *Sinde v. Gerlinski*, 252 F.Supp.2d 144, 149 (M.D.Pa. 2003). This provision is further qualified in that it may be suspended in the event of investigation for criminal prosecution. Given these qualifiers, plaintiff cannot rely upon this time limit to establish that defendant Laird has a "plainly defined and peremptory duty" to take the requested action(s).[7] See *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995)("The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's

---

[7] The section on the timing of a DHO hearing, 28 C.F.R. § 541.8(c), provides only that: "You will receive written notice of the charge(s) against you at least 24 hours before the DHO's hearing."

11

prerogative"); *Strong v. Lapin*, 2010 WL 276206 (E.D.N.Y. 2010)(unpublished)("To the extent that petitioner's claim is based on a perceived deviation from agency procedure, the BOP is afforded discretion to modify the procedures and therefore, no clearly defined peremptory duty exists for which a writ of mandamus may issue.").

Furthermore, plaintiff does not even attempt to show that no other adequate remedy is available. Nor could he since the BOP regulations plainly make the long-established prison administrative remedies available. UDC and DHO actions may be appealed through the Administrative Remedy Program: 28 C.F.R. part 542, subpart B.[8] Plaintiff suggests no reason why he cannot challenge any hearing delays, denial of credit, and other matters arising from his disciplinary proceedings in the proceedings themselves as well as through administrative appeals.

There are also other more appropriate judicial remedies for plaintiff's claims of a violation of agency regulations or denial of due process in connection with disciplinary proceedings as well

---

[8] The exhaustion procedure established by the BOP to be utilized by federal inmates is set forth at 28 C.F.R. §§ 542.10–542.19. Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). In the case of appeals from findings of a DHO, an appeal of the DHO's decision shall be submitted initially to the Regional Director for the region where the inmate is currently located. 28 C.F.R. § 542.14(d)(2). The Regional Director shall respond within thirty days. 28 C.F.R. § 542.18. However, an extension of an additional thirty days for a response from the Regional Director may be made in appropriate circumstances. Id. An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. 28 C.F.R. § 542.15(a). The General Counsel shall respond within forty days. 28 C.F.R. § 542.18. However, an extension of an additional forty days for a response from the General Counsel may be made in appropriate circumstances. Id. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

12

as any claim regarding conditions of confinement in the SHU. To the extent that plaintiff seeks to challenge his own prison disciplinary proceedings or sanctions at the ADX, he is entitled to no relief under § 1651 or in this court. In *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), the U.S. Supreme Court held that a habeas corpus petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement; and the Court later extended this ruling to challenges to prison disciplinary proceedings that affect the length of confinement, such as those that result in the deprivation or loss of good conduct time.[9] *Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997). Likewise, to the extent that Mr. Marshall seeks to challenge the conditions in the SHU at the ADX, he may do so by filing a civil action against the persons responsible for those conditions.[10]

---

[9] A petition for a writ of habeas corpus must name as respondent the warden or administrator of the facility where the petitioner is currently held in custody, and this custodian is an indispensable party. Mr. Marshall's Colorado custodian is not located in this judicial district, which means that this court lacks jurisdiction. Even if the court could liberally construe this action as a federal habeas corpus petition, Mr. Marshall fails to state sufficient facts to support a claim for relief under 28 U.S.C. § 2241 because he fails to provide crucial facts regarding the disciplinary proceedings in which he seeks to have the court intervene.

Furthermore, plaintiff's bald assertions that the failure to hold an immediate hearing and his placement in the SHU without a prior hearing violate due process are insufficient to state a claim. The time regulation relied upon by plaintiff does not contain mandatory language and does not create a liberty interest protected by the Due Process Clause. Moreover, the alleged time violation is not shown to infringe the requirements set out in *Wolff* and therefore does not rise to the level of a constitutional violation. *See Von Kahl*, 855 F.Supp. at 1419-20. In addition, plaintiff alleges no facts showing that he has been prejudiced as a result of the 4-day delay before delivery of the first rewritten report or even the 16-day delay before delivery of the second rewritten report.

[10] Mr. Laird appears to be named as defendant in this case based upon his supervisory responsibility over BOP facilities in the region that includes the

13

With respect to plaintiff's bald claim of denial of due process, the reasoning in *Brown v. Rios*, 196 Fed.Appx. 681, 683 (10th Cir. 2006) is persuasive here:

> (Petitioner) complains that prison authorities (violated) BOP regulations by failing to . . . provide him a UDC hearing within three working days of the time staff became aware of the incident . . . . See 28 C.F.R. §§ 541.15(a)-(b), 541.12, and 543.10 (2006). These allegations fail to raise a due process violation under Wolff.
>
> Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." Sandin v. Conner, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. (Citations omitted).
>
> Wolff mandates only a twenty-four hour advance notice of a disciplinary hearing and an opportunity to present a defense. It does not require a UDC hearing. . . . Even if minor violations of BOP regulations occurred, they would not rise to a constitutional violation under Wolff.

*Id.*

Finally, the court notes that the common law writ of mandamus, as codified in § 1361, only provides a remedy "if [the petitioner] has exhausted all other avenues of relief." *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976). The timing of Mr.

---

ADX. However, plaintiff alleges no facts showing Laird's personal participation in the delay of Mr. Marshall's disciplinary hearing, his placement in the SHU, or the conditions in the SHU. *See Hill v. Pugh*, 75 Fed.Appx. 715, 719 (10th Cir. 2003)(unpublished). Personal participation of each named defendant is an essential element of a civil rights claim. The persons that might have personally participated in these events are, as plaintiff suggests, BOP employees at the ADX; and this court has no personal jurisdiction over residents of Colorado.

14

Marshall's complaint not long after the IRs were served upon him plainly reflects that he has not exhausted the available prison administrative remedies. While the failure to exhaust is an affirmative defense that need not be pleaded by plaintiff; the court may sua sponte raise this threshold issue when lack of exhaustion appears, as it does here, from the face of the complaint.

In summary, the only action plaintiff could conceivably bring in this judicial district, since the ADX and its BOP employees are not located here, is the mandamus petition against Mr. Laird; and the court has no difficulty finding that plaintiff's claim for mandamus relief against Mr. Laird is frivolous and fails to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee prerequisite by either paying the full fee or submitting a properly supported Motion to Proceed without Prepayment of Fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for failure to state a claim for mandamus relief and as frivolous for the reasons stated herein.

The clerk is directed to send IFP forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge